IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01989-CMA-KLM

SHARON MURRAY,

    Plaintiff,

v.

HOLYOKE SCHOOL DISTRICT RE-1J,
HOLYOKE SCHOOL BOARD, and
HOLYOKE HIGH SCHOOL,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay Proceedings Pending Consolidation and Disposition of Second Complaint** [Docket No. 31; Filed July 9, 2013] (the "Motion"). Plaintiffs are unopposed to the Motion. *Motion* [#31] at 1.

In the Motion, Defendants seek a 10-day stay of all matters in the case, including discovery, to allow Plaintiff to determine whether to proceed with a related case, 13-cv-01373-CMA-KMT, which Plaintiff claims arises "from the same set of operative facts and involve[s] the same actors." *Id.* at 2. Defendants argue that a "stay of all matters including discovery in this case, of ten days, is necessary . . . to avoid unnecessary duplicative discovery such as multiple persons being subject to two depositions and/or responding to multiple sets of written discovery." *Id.* at 2-3. Defendants hint that if the related proceeding

1

moves forward one or more of the parties may file a motion to consolidate the two actions. *Id.* at 1.

Although a stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery. *Compare Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *with Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2012 WL 6153513, at *1 (D. Colo. Dec. 11, 2012) (granting stay of proceedings). Further, "[a] court has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis*, 2012 WL 6153513, at *1 (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,* 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C.2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation marks and citation omitted)).

When exercising its discretion to stay discovery,[1] the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the

---

[1] In this case, there are no imminent deadlines other than discovery deadlines.

potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, staying discovery would apparently not prejudice Plaintiff, as she is unopposed to the Motion. Therefore, the Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery. With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. The Court therefore finds that the second *String Cheese Incident* factor weighs against a stay of discovery. With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear whether the related action, 13-cv-01373-CMA-KMT, will proceed. With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

IT IS HEREBY **ORDERED** that the Motion [#31] is **GRANTED** to the extent it seeks a stay of discovery. Accordingly,

IT IS FURTHER **ORDERED** that all discovery is **STAYED** through July 19, 2013.

Dated:  July 11, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge